**UNITED STATES of America,**
**Appellee,**

v.

**Kelvin MARTINEZ, also known as**
**Villain, Defendant–Appellant,**

**Dequan Snyder, also known as Bullie,**
**Devon Hussett, Benjamin Harrison,**
**Jerale Gladden, Nyquan McCullough,**
**David Vega, also known as D–Train,**
**William Warren, Terrance Forte, also**
**known as T, also known as Little T,**
**Anthony Davis, also known as Boo-**
**chie, Mark Forte, also known as**
**Ghost, Lavon Barrett, also known as**
**Stunner, Ezekiel Brown, also known**
**as Flash, Defendants.**

**No. 11–4213–cr.**

United States Court of Appeals,
Second Circuit.

Jan. 31, 2013.

---

Eileen F. Shapiro, Brooklyn, NY, for Defendant–Appellant.

Michael D. Maimin, Katherine Polk Failla, Assistant United States Attorneys, for Preet Bharara, United States Attorney, United States Attorney's Office for the Southern District of New York, for Appellee.

PRESENT: JOSÉ A. CABRANES, RICHARD C. WESLEY, DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Kelvin Martinez appeals a September 27, 2011 judgment of the District Court convicting him, after a guilty plea, of one count of conspiracy to violate the narcotics laws of the United States—specifically, to distribute and to possess with the intent to distribute 50 grams or more of cocaine base, in violation 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A), 846. In the plea agreement, Martinez stipulated that he would not appeal a sentence within or below the agreed upon Guidelines range of 135 to 168 months. On September 27, 2011, the District Court imposed a sentence of 132 months' imprisonment, which included an obstruction of justice enhancement explicitly permitted by the plea agreement.

Martinez now seeks remand and resentencing based principally on *Dorsey v. United States*, —— U.S. ——, 132 S.Ct. 2321, 2336, 183 L.Ed.2d 250 (2012), which held that the Fair Sentencing Act's more lenient penalty provisions apply to defendants sentenced on or after August 3, 2010–regardless of when they committed the relevant offense. On May 30, 2012, the government filed a motion to dismiss on the basis of the appellate waiver contained in Martinez's plea agreement. Martinez opposed that motion on June 28, 2012.

Martinez's co-defendant, Benjamin Harrison previously raised this precise claim—that *Dorsey* requires remand and resentencing—and we rejected it. Specifically, we held "that the change in law caused by *Dorsey*'s interpretation of the Fair Sentencing Act is not sufficient to upset a valid waiver of appeal." *United States v. Harrison*, 699 F.3d 158, 159 (2d Cir.2012). The Supreme Court denied Harrison's writ for a petition of certiorari on January 7, 2013. *Harrison v. United States*, —— U.S. ——, 133 S.Ct. 914, 915, 184 L.Ed.2d 703 (2013). There is no question, apart from Martinez's claim under *Dorsey*, that the waiver provision in the plea agreement is valid. Martinez's claim on appeal therefore has no merit, and the motion to dismiss must be granted.

### CONCLUSION

We have considered all of Martinez's other claims and find them to be without merit. For the reasons set out above, we **GRANT** appellee's motion to dismiss and **DISMISS** the appeal.